Charles E. THOMSON, Appellant,

v.

C. S. EHINGER and Robert S. Ehinger, Respondents.

No. WD 31376.

Missouri Court of Appeals, Western District.

Dec. 30, 1980.

Motion for Rehearing and/or Transfer Denied Feb. 2, 1981.

Paul H. Niewald, Niewald, Risjord & Waldeck, Kansas City, for appellant.

L. R. Magee, Hines & Magee, Kansas City, for respondents.

Before PRITCHARD, P. J., and SWOFFORD and TURNAGE, JJ.

TURNAGE, Judge.

Charles Thomson brought suit against Robert S. Ehinger[1] to recover one-half of the cost of repairs to a party wall. The court found in favor of Ehinger and Thomson appeals.

The case was submitted on a stipulation of facts. From that stipulation it appears

---

1. The petition alleged the defendants, apparently C. S. Ehinger and Robert Ehinger were the owners of the property involved, however, the case was submitted on a stipulation of facts which stipulated that Robert S. Ehinger purchased the property and that he was the one who refused to make payment. Accordingly, in this opinion, Robert S. Ehinger will be considered to be the only defendant.

in January, 1921, Charles DeWolff and Frederick E. Giess entered into a party wall agreement concerning a wall located between Lot 20, Block 25, and Lot 19, Block 25, West Kansas Addition to Jackson County. The wall was described as being 94½ feet in length with the centerline as the line between Lots 19 and 20.

The provision of that agreement in question here is paragraph III which reads, so far as applicable:

"In case said party wall shall become out of repair, injured or partially destroyed, so as to affect the permanency or the use of said wall, if both parties hereto are at the time using that part of said wall so out of repair or injured or partially destroyed, then either of said parties may repair the same; the party so repairing shall pay therefore and deliver to the other party at the time an itemized statement of the cost thereof and the other party shall upon the receipt of such statement, pay to the party repairing one-half of such costs; if both parties are not using all of the wall that may become out of repair, injured or partially destroyed, but each only using a part thereof, then the party repairing said wall shall recover from the other party only his proportionate part of the cost of repairing same, to be based upon the amount of said wall that the other party is using; . . . ."

The agreement provided the covenant would run with the land and be binding upon the respective parties, their successors, legal representatives and assigns.

It was stipulated that on October 3, 1975, Thomson was the successor in title of DeWolff and owned a two story building located at 1306–12 West 9th Street in Kansas City, and Howard W. Giess and Ethel Giess were the successors in title to Frederick Giess and owned a one and one-half story building at 1302–04 West 9th Street. The stipulation provided that the buildings owned by Thomson and Giess both used the party wall which was the subject of the agreement in 1921.

The stipulation provided that on October 3, 1975, there was a fire in the building owned by Giess which damaged the party wall. After the fire the Giess building was razed leaving only the north wall and the party wall on the west standing. After the fire Thomson continued using his building and the party wall. On November 5, Robert Ehinger purchased the Giess property and since his purchase has not utilized the party wall.

Thomson repaired the party wall at a cost of $8,850 and Ehinger has refused to pay one-half of that amount. The stipulation states the only issue is whether Ehinger is liable for his proportionate share of the cost of repair of the party wall.

Although not raised by the parties, it is well to note that this court in *Reinhardt v. Holmes*, 143 Mo.App. 212, 127 S.W. 611, 614 (1910) adopted the rule that " 'where a party wall agreement expressly provides that the covenants thereof shall run with the land, it will be construed as running with and charging the land, the effect of the covenant being to grant or create an interest in the premises.' 30 Cyc. 794."

It is further well to note that neither party contends the party wall agreement is ambiguous. It is well settled that an unambiguous contract is to be construed as written. *Dehner Urban Redev. Corp. v. Dun & Brad.*, 567 S.W.2d 700, 704[5–7] (Mo.App. 1978).

The court held Ehinger was not liable for one-half of the repairs because he was not using the wall subsequent to the fire. That result is not consistent with the provisions of the agreement.

Paragraph III contemplates two situations when the wall is injured (damaged)— when both parties are using all of the wall including of course, that part which was damaged, and when both parties are not

using all of the wall. It is stipulated both parties were using all of the wall at the time it was damaged. In that instance the agreement states: "In case said party wall shall become out of repair, ... if both parties hereto are at the same time using ...." It is clear that "at the time" can only refer to the time the damage to the wall occurs. Thus the agreement provides in plain terms that if both parties are using all of the wall when the wall is damaged, then one may repair and the other shall pay one-half of the repair cost. Because both owners at the time of damage were using all of the wall, each is required to pay one-half of the repair cost.

Ehinger makes the singular argument that since he did not use the wall after the repair, the judgment is supported by substantial evidence. There is nothing in the agreement applicable to the stipulated facts to excuse an owner from paying his share of the repair cost if he did not use the wall subsequent to the repair, as the court found. The court relied on its determination that the parties did not intend an owner who did not use the wall subsequent to repair to pay. However, there is nothing in the agreement to support this finding and the clear language is to the contrary. Construing the contract as written leads to the conclusion that nonuse subsequent to the damage does not excuse payment of one-half of the repair.

The court misapplied the law when it held Ehinger was relieved of the responsibility to pay one-half of the repairs because he was not using the wall subsequent to the fire. Ehinger took title to the property subject to the party wall agreement and the terms of that agreement became binding upon him.

The judgment is reversed and the cause is remanded with directions to enter judgment in favor of Thomson and against Ehinger in the amount of $4,425, together with costs.

All concur.